In the Matter of ADOPTION OF E. N. et al., Appellants,

v.

E. M. N., Respondent.

H. N., Appellant,

v.

E. M. (N) W., Respondent.

Nos. 38452, 38453.

Missouri Court of Appeals, St. Louis District, Division One.

Nov. 8, 1977.

Motion for Rehearing and/or Transfer Denied Dec. 16, 1977.

Hyder & McHenry, Robert L. Hyder, Jefferson City, for appellant.

L. H. Wilbers, Jefferson City, for respondent.

SMITH, Judge.

This opinion will deal with two separate appeals consolidated for argument. The first is the appeal of the natural father and stepmother from the judgment of the trial court denying their petition to adopt the seven children of the father and respondent-mother. The second is an appeal by the natural father from the order of the trial court modifying the original divorce decree to provide specific visitation rights to the mother. We affirm both judgments.

## THE ADOPTION

The parties were before us once before in *In the matter of E.C.N. et al.,* 517 S.W.2d 709 (Mo.App.1974). In that proceeding we reversed outright the judgment of the trial court allowing the adoption of the same seven children on the basis that the evidence did not establish consent by the natural mother, nor willful neglect nor willful abandonment so as to give the court jurisdiction to grant the adoptions. That decision was handed down December 23, 1974. The present petition was filed on March 17, 1975, alleging, in lieu of maternal consent, willful neglect and willful abandonment. The statute provides that these defalcations must have occurred during the year prior to the filing of the petition for the court to have jurisdiction. Sec. 453.040 R.S.Mo.1969. We are therefore concerned only with the period from March 17, 1974 to March 17, 1975.

Plaintiffs seek to have us consider the mother's conduct during the marriage and up until the filing of the first petition on the basis that she perjured herself in the first trial and our prior judgment should not be considered as res judicata because perjury "influenced" this court. First, this is not the proper proceeding in which to collaterally attack the prior judgment. Secondly, the record does not warrant a conclusion that defendant lied, only that she used a slang term in testifying, upon which she puts a different meaning than does plaintiffs' present counsel. Finally, the alleged perjury related only to her reasons for leaving her husband for another man, and had nothing to do with our decision on the question of abandonment and neglect charged to have occurred thereafter. Counsel for plaintiffs is free, of course, to form whatever opinions he may choose as to what "influenced" the court. Such opinions do not, however, change the legal basis of the court's decision, which in no way turned on the testimony discussed.

Inasmuch as this was a court-tried case, our review is that prescribed by *Murphy v. Carron,* 536 S.W.2d 30 (Mo. banc 1976). We find substantial evidence to support the judgment of the lower court. Throughout the one year period relied upon, defendant, living in Alaska, attempted to maintain contact with her children through letters, telephone calls, and contacts by her relatives. The letters and telephone calls were refused by the children, purportedly without instigation by the plaintiffs. The visiting by the maternal grandparents was terminated by the stepmother. Defendant's requests to visit the children were rejected by the father. It must also be remembered that for all but three months of the statutory period there was a judgment of adoption pending on appeal, and defendant cannot be criticized for not ag-

gressively pressing for her rights to visit during that period. We agree with the trial court that the evidence fails to support a finding of willful neglect or abandonment. At most, it reveals an inability to maintain communications because of the actions of plaintiffs and the children.

The judgment denying the petition for adoption is affirmed.

## VISITATION

■ The original divorce decree between the mother and father was silent on the question of visitation. It vested custody of the seven children of the marriage in the father. Under the law applicable at the time of the decree the award of custody to the father did not deprive the mother of access to the children in the absence of an express provision to that effect. *Middleton v. Tozer,* 259 S.W.2d 80 (Mo.App.1953) [2–5]. Pursuant to Sec. 452.415 R.S.Mo.1969 the law governing modification of a divorce decree rendered prior to January 1, 1974, is Sec. 452.400 R.S.Mo.1969. That section provides that a parent not granted custody of the child is entitled to visitation unless the court finds such "visitation would endanger the child's physical health or impair his emotional development." Modification of visitation rights may be granted when in the best interests of the child. It is not necessary, therefore, that the mother here establish any change of circumstances since the original divorce decree. To the extent the original decree was silent on visitation, it is subject to clarification (not really modification) to spell out visitation rights. Under the current law the court should grant the mother's request for visitation unless it finds damages to the child's physical health or emotional development.

The trial court here made specific findings that no such dangers exist. That finding is fully supported by the evidence. The visitation provisions are reasonable.

Order decreeing visitation rights is affirmed.

CLEMENS, P. J., and McMILLIAN, J., concur.